**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| MONTRELL COLLINS, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| District Attorney STEVEN BRADLEY, *et al.*, | : | NO. 5:10-cv-72 (CAR) |
| | : | |
| | : | |
| Defendants | : | **O R D E R** |
| | : | |

Plaintiff **MONTRELL COLLINS**, an inmate at the Baldwin County Jail in Milledgeville, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.  Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).  Based on plaintiff's submissions, the Court finds that plaintiff is unable to prepay the filing fee.  Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

Plaintiff is nevertheless obligated to pay the full filing fee.  Prison officials are directed to collect the Court's $350.00 filing fee when plaintiff's account exceeds $10.00 and forward payments to the Clerk of this Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).  The Clerk of Court is directed to send a copy of this order to the business manager of the Baldwin County Jail.

## *II. BACKGROUND*

Plaintiff is presently serving a 20-year sentence, 5 years in prison, with the remainder to be served on probation, evidently the result of a plea bargain.  Plaintiff appears to allege a conspiracy

between his public defender, John Bradley, and the prosecutor in plaintiff's criminal case, Steven Bradley, who are brothers.  Plaintiff further complains that defendant Steven Bradley was present "each time that [plaintiff] was arrested."

In addition to John and Steven Bradley, plaintiff also sues the District Attorney's and Public Defender's Offices for the Ocmulgee Circuit, the City of Milledgeville, and Baldwin County.  As relief, plaintiff seeks monetary damages against all defendants.

## III. DISCUSSION

The Court finds that plaintiff's wrongful conviction claim is governed by the Supreme Court's decision in *Heck v. Humphrey*, 114 S. Ct. 2364 (1994).  In *Heck*, the Supreme Court made it clear that before a section 1983 plaintiff can seek monetary relief that would call into question the validity of the conviction or sentence, he must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  *Id.* at 2372-73.

Because plaintiff has not alleged facts supporting a finding that any court has called into question plaintiff's conviction or sentence, *Heck* bars all of plaintiff's claims that would necessarily call into question his conviction or sentence.  Plaintiff must return to state court and attempt to invalidate his conviction and sentence.  If plaintiff should succeed, he may then institute an action for damages under section 1983 in federal court.

*Heck* does not necessarily bar a claim for false arrest.  *See Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003).  It is unclear why plaintiff complains about prosecutor Steven Bradley being present at plaintiff's arrests.  In any event, plaintiff does not allege any facts supporting a false arrest

claim or any improper conduct whatsoever by Steven Bradley.

Even if *Heck* did not apply, plaintiff's claims against the District Attorney's and Public Defender's Offices for the Ocmulgee Circuit would be dismissed as frivolous. These defendants are not entities capable of being sued. *See Jacobs v. Port Neches Police Dep't*, 915 F. Supp. 842, 844 (E.D. Tex.1996).

Finally, plaintiff makes no allegations whatsoever against the City of Milledgeville and Baldwin County.

## *IV. CONCLUSION*

Accordingly, the complaint against the defendants should be **DISMISSED** as being frivolous under 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this 4th day of March, 2010.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE